UNITED STATES of America,
Appellee,

v.

Harvey M. MATUSOW, Appellant.

No. 265, Docket 24394.

United States Court of Appeals
Second Circuit.

Argued April 10, 11, 1957.

Decided May 10, 1957.

Stanley Faulkner, New York City, for appellant.

Thomas A. Bolan, New York City, Paul W. Williams, U. S. Atty. for Southern District of N. Y., New York City, for appellee.

Before HAND, MEDINA and WATERMAN, Circuit Judges.

PER CURIAM.

The defendant, Matusow, appeals from a judgment, convicting him of perjury upon five out of six counts of an indictment, Count 4 having been dismissed by the court. He raises three points upon this appeal: first, that the Government's counsel interjected the issue of Communism into the case and thereby deprived him of a fair trial; second, that the judge abused his discretion in unduly limiting his cross-examination of the prosecution's witnesses; and third, that he was entitled to see the original copy of a mechanically produced record of the Federal Bureau of Investigation, from which certain parts had been deleted in the substitute, put in evidence. To make these objections intelligible some outline of the general background is necessary. The defendant had been a witness for the prosecution in the trial of United States v. Flynn, 2 Cir., 216 F.2d 354, in which judgments of conviction were entered on February 3, 1953 against thirteen defendants, one of whom was named Trachtenberg. That prosecution had been for conspiracy to advocate the destruction of the government of the United States by force and violence (Section 2385, Title 18 U.S.C.); and on the 31st of January, 1955, Matusow verified an affidavit in support of a motion to set aside the convictions. Both in this affidavit and in a subsequent hearing before Judge Dimock, Matusow swore that Roy Cohn, one of the prosecuting attorneys, had suborned him to swear falsely as to a discussion he had had with Trachtenberg about a book by Andre Vishinsky, entitled "The Law of the Soviet State." Counts 1 and 2 of the indictment at bar concerned the allegations in the affidavit; counts 3, 5 and 6 concerned passages from Matusow's testimony upon the hearing. Judge Dimock granted a new trial to Trachtenberg and another defendant, Charney, but declared that Matusow's charge against Cohn had been "made up out of whole cloth."

■■■ As to the first point it is obviously possible that the jury may have been influenced by the fact that the charge against the thirteen defendants in United States v. Flynn had involved active Communism; but there was no way to insure Matusow against that risk, for his trial could not have been conducted without disclosing the details of the original prosecution; and, although apparently his testimony concerned only four of the thirteen, that was immaterial. In particular he complains that in his opening the attorney for the prosecution said that Matusow's "purpose" in the proceeding to set aside the convictions was "to release from prison thirteen enemies of the United States Government, thirteen Communist Party leaders." On objection the judge said that the attorney had better have left this for summation, and that was true; but plainly it was not an irrelevant fact; and when the district attorney in his address to the jury at the close of the evidence repeated the same statement in substance, no exception was taken. The putative error is so plainly without substance that we shall not discuss it.

The next complaint is that the judge did not allow adequate cross-examination of two witnesses, Cohn and Reagan. We have examined the portions of the record referred to and find that the bearing of many of the matters referred to was not merely collateral but remote from any of the issues. In any event, we find no abuse of the discretion a trial judge is called upon to exercise in every instance of prolonged cross-examination.

■■■ The third point concerned the admission of a written statement of McCarthy, an F.B.I. agent, of the talk he had heard between Matusow, Cohn and others. This talk the agent had mechanically produced shortly after he heard it; and a typed copy was prepared. Upon this copy, according to McCarthy were jotted down "the F.B.I. numbers, symbols and administrative data," that were thought apposite. A photostat copy of the typed paper with these additions deleted was put in evidence over Matusow's objection on the ground that he

was not allowed to see the matter that the F.B.I. had put on the typed original. Had these been a part of the typed original, there might have been force in this objection; but they were later additions, not made by McCarthy, and did not concern the talk recorded. Not only was there no antecedent reason to assume that the additions would be competent evidence, but there was McCarthy's testimony that they would not be. Moreover, there were good grounds for believing that it might be important not to make public the symbols used by the F.B.I. If, for example, the additions had been upon a separate paper, attached to the photostat, obviously on this record the prosecution need not have produced them.

Conviction affirmed.